## Ex parte Thomas C. Nicholls.

Every final judgment must be signed separately by the judge, after having been read in open court. C. P. 546. Until signed, it is not final. The signature must bear a precise date, as it would be otherwise impossible to ascertain from what day the mortgage, resulting therefrom when recorded according to law, would take effect. The signature of the minutes of the court, required to be kept by art. 777 of the Code of Practice, is not such a signature of the final judgments rendered by it, as the Code requires. This signature of the minutes is merely to attest the correctness of the entries made by the clerk.

Appeal from the District Court of Ascension, *Cooley*, J., presiding.

*R. W. Nicholls*, for the appellant.

*Roman*, contra.

Bullard, J.   Thomas C. Nicholls having sued out a monition under the act of 1834, calling on all persons to show cause why a sheriff's sale to him of a slave should not be homologated, the defendants in the execution showed for cause that the judgment upon which the execution was issued had not been signed by the judge.   The sale was, therefore, set aside, and Nicholls has appealed.

It appears that the judgment written on the back of the petition was not signed until after the execution was issued, but that the judgment had been previously entered, with others, on the minutes of the court, and that the minutes had been signed by the judge before the execution was issued.

Article 546 of the Code of Practice declares that, "the judge must sign all definitive or final judgments rendered by him, but he shall not do so until three judicial days have elapsed, to be computed from the day when such judgments were given."   A judgment thus signed becomes the property of the party in whose favor it is rendered, and can no longer be altered. Art. 548.

These articles appear to contemplate that each final judgment shall be signed separately, as well as read by the judge in open court.

The clerk, it is true, is required to keep, at least, two Record Books, in one of which he is to set down, in order, the titles of all the causes depending before the court, &c., and in the other, all

the orders and judgments rendered, as well as the motions made by the parties, or their counsel. Articles 775, 776, 777. This last record constitutes the minutes of the daily proceedings of the court, and the signature of them, at the close of the term, does not appear to us such a signature of final judgments as the code requires. The argument that such signature would suffice, proves too much; for, suppose a judgment rendered on the last day of the term upon the verdict of a jury, it could not become final under three days, notwithstanding the signature of the judge to the minutes on the same day. Such signature is intended, merely, to attest the correctness of the entries, made by the clerk, of the proceedings of the court.

It is clear that until a judgment is signed it is not final: and it is important that the signature of each judgment should bear a precise date; otherwise it would be impossible to ascertain from what day the mortgage resulting therefrom would take effect upon the judgment being recorded in the manner originally provided by the Civil Code, which declares that the judicial mortgage takes effect from the day on which the judgment is pronounced, if duly recorded. Art. 3290. If the inscription be made within six days from the signing of the judgment, it shall have its effect in certain cases, from its date. Art. 3319. Although this has since been changed, it shows what was originally the view of the legislature.

Upon a careful consideration of the different provisions of the codes, and what we understand to be the uniform practice of the courts of the first instance, we conclude that the law requires, that each final judgment shall be signed separately by the judge.

*Judgment affirmed.*