## C. DERBIGNY *v.* J. B. TREPAGNIER.

The appellee, at any time before the cause is at issue on the merits, may have the appeal dismissed as being premature; the judgment of the lower court not having been signed.

APPEAL from the District Court of St. Charles, *Burthe*, J.

*Handlin* and *St. Paul*, for plaintiff and appellant. *E. Bermudez*, for defendant.

VOORHIES, J. The defendant and appellee claims the dismissal of the appeal in this case, on the ground that the same is premature, the judgment of the court below not being signed.

" The Judge must sign all definitive or final judgments rendered by him, but he shall not do so until three judicial days have elapsed, to be computed from the day when such judgments were given. C. P. 546. An amendment to this Article provides : " That hereafter, all motions for new trials in causes, shall be made and determined, and all final judgments signed before the adjournment of the court for the time at which such causes were tried, and whether three judicial days shall have elapsed or not: provided, that this amendment does not apply to the parish of Orleans."

"The party, who believes himself aggrieved by the judgment given against him, may, within three judicial days after such judgment has been rendered, pray for a new trial, which must be granted, if there be good ground for the same." C. P. 558.

These Articles, construed with reference to each other, and to Article 555 of the same Code, which declares that all judgments thus rendered, shall be considered as having effect only from the last day of the term, whatever may be the day on which they shall have been signed, clearly imply, in our opinion, that no appeal lies from a final judgment which has not been signed by the

Judge. Such a judgment cannot be considered as having the effect of *res judicata.* 3 An. 482; 5 An. 401.

We think the appellee was in time to file the motion to dismiss before the cause was at issue upon its merits.

Appeal dismissed,