21 So.2d 44

**BROWN v. BOUDREAUX.**

No. 37451.

Jan. 15, 1945.

Daniel Wendling, of New Orleans, for petitioner.

Martin E. Kranz, of New Orleans, for respondent.

FOURNET, Justice.

The rule taken by Mrs. Katie M. Brown against her tenant, O. P. Boudreaux, to have him vacate her property at 1029 Jena street, New Orleans, Louisiana, having been dismissed on a plea of res judicata in the First City Court of New Orleans and that judgment affirmed in the Court of Appeal for the Parish of Orleans, we granted a writ of certiorari upon Mrs. Brown's application in order that we might review the proceedings.

Mrs. Brown, owner of a double house on Jena street bearing the municipal numbers 1029 and 1031, leased No. 1029 to O. P. Boudreaux for a period of one year, beginning on October 1, 1942, and ending September 30, 1943, at $35 a month. By letter dated July 28, 1943, she notified him that she wanted him to vacate the premises then occupied by him at the termination of the lease because she had sold the house where she was then residing and would have to vacate it on October 1. She also advised him that she had permission from the O. P. A. "to do this."

When Boudreaux failed to comply with her request, she took a rule against him on October 1 to have him vacate the premises, giving as her reasons in this rule, in addition to the statement that she had given the required ten day notice, that she desired the premises "for Own Occupancy, and Repairs." On the return day, Boudreaux filed exceptions of no cause, no right of action, and vagueness, and, in conformity with the rules of the court, also filed an answer wherein he averred that he was a married man with four children and was occupying the premises under a written lease that had been renewed by reconduction; in the alternative, that the plaintiff had no legal right under federal statutes to eject him from the premises because at the time she had given him notice in July she had also given notice to the occupant of the 1031 part of the double house to move and had occupied that side when the tenant complied with her request, and that 1031, consisting of six rooms, was ample for the needs of the plaintiff, an elderly lady without any family. He further averred that he had been informed and believed Mrs. Brown intended to make apartments out of the house and in this manner collect a higher rent than he was paying.

From the penciled and unsigned notation on the record from the First City Court of New Orleans, it appears that this rule was dismissed on October 6, 1943. On October 16 of the same month the plaintiff again notified the defendant in writing to vacate the premises and caused another rule to issue against Boudreaux on November 3, 1943, when he failed to comply with

this second written request. In both the letter and the rule she stated she was seeking to occupy the premises in absolute good faith as a dwelling for herself. On the return day the defendant pleaded the judgment in the former proceeding as res judicata, exceptions of no right, no cause of action, vagueness, and, again in compliance with the rules of the court, submitted an answer, similar to that filed in the former proceedings. The court maintained the plea of res judicata in a written judgment that was read and signed in open court on November 17, 1943. This judgment was affirmed by the Court of Appeal for the Parish of Orleans.

It is declared in Article 539 of the Code of Practice, wherein final judgments are defined and their force and effect given, that a final judgment decides all of the points in controversy between the parties and has the force of res judicata. (As to what constitutes "the thing adjudged," see Article 2286 of the Revised Civil Code; Hope v. Madison, 194 La. 337, 193 So. 666, and the authorities therein cited.) But, in order to have force and effect a definitive or final judgment must be signed by the judge rendering it. Articles 546 and 1074 of the Code of Practice. See, also, Ex parte Nicholls, 4 Rob. 52; Davis v. Millaudon, 17 La.Ann. 97, 87 Am.Dec. 517; Nicholls v. Maddox, 52 La.Ann. 496, 26 So. 994; Hanchey v. St. Louis, I. M. & S. Ry. Co., 135 La. 352, 65 So. 487; and State v. Oliver, 143 La. 180, 78 So. 439. And a judgment that has not been signed cannot be appealed from, much less have the force and effect of res judicata. Gates v. Bell, 3 La.Ann. 62; Hatch v. Arnault, 3 La.Ann.

482; and Derbigny v. Trepagnier, 12 La. Ann. 756.

■ It is our opinion, therefore, that the judge of the First City Court erroneously dismissed the relatrix' suit on the plea of res judicata.

However, counsel for the respondent assures us, both orally and in brief, that when this case was tried de novo in the Court of Appeal, where the same exceptions and pleadings were urged, Judge Janvier, as the organ of the court, referred these exceptions to the merits and rendered judgment affirming the judgment of the First City Court only after hearing the merits of the case.

There is no indication in the record that the case was decided in the Court of Appeal on the merits. In affirming the judgment of the lower court the Court of Appeal, assigning no written reasons, did nothing more than write the following notations on the face of the record: "January 7th, 1944 Judgment affirmed George Janvier, Judge," and "February 1st, 1944 New trial refused George Janvier Judge."

■ Under these circumstances, in the interest of justice, we think the case should be remanded to the Court of Appeal in order that it may be determined whether the case, when tried de novo there, was decided on the merits, as contended by counsel for the respondent; and, in any event, to render judgment in accordance with the law and the facts of the case.

For the reasons assigned, the judgment of the First City Court of New Orleans sustaining the plea of res judicata and dismissing relatrix' suit and the judgment of the Court of Appeal for the Parish of Orleans affirming that judgment, are annulled and set aside, and the case is remanded to the Court of Appeal for the Parish of Orleans for further proceedings consistent with the views herein expressed. All costs in this court, as well as all other costs connected with these proceedings, are to await the final determination of the case.

ROGERS, Justice.

I concur in the opinion and in the decree so far as it annuls the judgment of the Court of Appeal which is the judgment we are called upon to review in this proceeding, but not so far as it annuls the judgment of the First City Court, the correctness of which must be determined by the Court of Appeal when the case, as remanded in our decree, is reconsidered by that court.

O'NIELL, C. J., concurs.