MOISE, Justice.
In the exercise of our supervisory jurisdiction, Art. VII, § 11, Louisiana Const. 1921, LSA, we granted a writ of review to the Court of Appeal, First Circuit, ordering it to send up the record in this proceeding so that we might review its judgment affirming the judgment of the trial court, which sustained pleas of res judicata filed by the defendants.
The original or first proceeding in this matter, which defendants contend settled the issues herein involved, was a suit filed by Mrs. Mollie Brumfield Fisher, and her son, Freddie Fisher, against, (a) James L. and Dottie Brumfield Rollins, (b) Lumber Mutual Fire Insurance Company, and, (c) Federal Land Bank of New Orleans. Therein, plaintiffs sought to set aside on the ground of fraud and alternatively lesion beyond moiety a sale of certain property to Mrs. Fisher’s niece, Dottie Brumfield Rollins, and her husband, James L. Rollins. In their petition, plaintiffs alleged that the Rollinses had mortgaged the property involved, together with other .property owned by them, to the Federal Land Bank of New Orleans, for the sum of $2,625. They sought a reformation of the Land Bank mortgage, so as to exclude their previously owned property.
In that first proceeding, the trial court rescinded the sale, and ordered plaintiffs to pay to the Rollinses, the sum of $314.04. This latter figure was a result'of the court’s taking into consideration, money lent to plaintiffs by the Rollinses, proceeds from fire insurance received by the Rollinses, proceeds from the sale of certain Negro quarters by the Rollinses, a payment by one of plaintiffs, and expenditures. Plaintiffs’ claim against the insurance company was rejected. In the body of the trial court’s reasons for judgment, it is stated that the claim against the Federal Land Bank had been dismissed on exceptions of no right or cause of action. The record contains no formal judgment of dismissal, nor was the judgment ever signed. The judgment did not mention the Land Bank mortgage, nor order its cancellation. No appeal was taken from the judgment.
In 1954, two years after the above mentioned judgment was rendered, the Rollinses obtained a writ of fieri facias against the plaintiffs’ property, for the satisfaction of the judgment of $314.04, in their favor.
Plaintiffs, Mrs. Fisher et al., deposited the sum of $314.04, into the registry of the *257 Court, secured a temporary restraining order, and ruled the Federal Land Bank, and James L. Rollins et al., into court, to show cause why the $314.04 should not he applied to the cancellation' of the mortgage on the Fisher property. Alternatively, plaintiffs prayed for judgment against the Rollinses, in the sum of $2,625, the amount of the mortgage given to the Federal Land Bank by the Rollinses, less payments made, and still further alternatively, the return of the $314.04.
The plaintiffs contended that, while the parties were the same, the demands were not identical, for the reason that, in the first suit the Federal Land Bank’s mortgage was sought to be reformed to exclude the subject property, and in the present controversy, plaintiffs sought to have it cancelled, by virtue of section 3 of Article 3411, LSA-C.C. Plaintiffs further advanced the theory that the judgment in the first suit did not effectively dismiss the Federal Land Bank on exceptions, since there was only a parenthetical reference in the preamble of the judgment to a previous dismissal, by way of a minute entry; and, therefore, plaintiffs could not appeal where there was no final judgment as to the Land Bank. In the alternative, plaintiffs urged that a judgment of dismissal, based on exceptions of no cause or right of action, could not be pleaded in bar of a future suit.
During the course of the proceedings Mrs. Fisher died, and her attorney of record substituted in her place.
In sustaining the pleas of res judicata, and dismissing plaintiffs’ suit, the trial court held that, with respect to the Federal Land Bank, there was a court minute entry noting the dismissal; and the judgment, while recorded in its preamble, expressly stated that the Land Bank had been dismissed on exceptions. The court relied on the case of Edenborn v. Blacksher, 148 La. 296, 86 So. 817, to the effect that the silence of a judgment upon any part of the demand that might be allowed under the pleadings, is a rejection of that part of the demand.
In Article 2286 of the LSA-Civil Code, it is stated:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment.”
Therefore, in order to plead res judicata, we must have a final judgment. It is provided in Article 546 of the Louisiana Code of Practice, that “the judge must sign all definitive or final judgments rendered by him”. The minute entries of the first suit contain the following notation:
“This day this case came up on exception filed by Federal Land Bank of New Orleans. The plaintiff represented by C. Paul Phelps, and the ex-ceptor represented by Harold Moses, *259 and after hearing argument the Court maintained the exception of Federal Land Bank, and dismissed suit as to the Federal Land Bank”.
This ruling was never reduced to the form of a judgment. It was not final, and no' appeal could be taken. Louisiana Code of Practice, Article 565; Brown v. Boudreaux, 207 La. 233, 21 So.2d 44, 45.[1] In order to have had the force and effect of a final judgment, to which the plea of res judicata could be maintained, there had to be a judgment signed by the judge render- ■ ing it. This was not done. Clement v. Pointe Coupee Parish School Board, La. App., 75 So.2d 890; Simmons v. Smith, La. App., 79 So.2d 504.
The Court of Appeal, First Circuit, was therefore in error in affirming that part of the judgment of the trial court, which sustained the plea of res judicata to the Federal Land Bank. The case of Edenborn v. Blacksher, 148 La. 296, 86 So. 817, is not apposite, because here we are considering the dismissal of a specific party defendant on an exception of no right' or cause of action, and not a demand for specific relief against a "party defendant. Silence in the judgment, as to the sustaining of an exception of no 'cause or right' of action, would not have the effect of rejecting the naming of a specific party as a defendant.
The written reasons for judgment handed down by a court in a case cannot constitute the judgment. It follows that there must be a decree. Fisk v. Parker, 14 La.Ann. 491; Delahoussaye v. D. M. Glazer & Co., Inc., La.App., 182 So. 146; Anderson v. Nugent, La.App., 16 So.2d 282; Green v. Marquette Casualty Company, La.App., 79 So.2d 116.
After a careful study of the record, we believe that the plea of res judicata filed by the Rollinses was properly sustained.
Article 2286 of the LSA-Civil Code re-' quires that in order to maintain the plea, three essentials must exist; namely, the demand must be the same; the demand must be founded on the same cause of action; and the demand must be between the same parties, and formed by them against each other in the same quality.
*261 There is no dispute that the parties to this proceeding are the same as those in the first suit.
The demand in both suits is for the ex-tinguishment of the mortgage given to the Federal Land Bank by the Rollinses. As stated so ably by the trial judge:
“ * * * In the first suit plaintiffs sought the reformation of the Land Bank mortgage so as to exclude the subject property — in the second suit. they sought the cancellation of- the mortgage. The same result would be accomplished either by a reformation or a cancellation. In either case the result would be the elimination of the Land Bank mortgage as it affects the subject property, which in our opinion, has been precluded by the finality of the first judgment from which no appeal has been taken. * * * ”
In the instant matter, petitioners ask that $314.04 be credited to the mortgage owned by. the Federal Land Bank. In the first suit, plaintiffs asked that' certain sums received by the .Rollinses be credited to the mortgage. We do not believe that a difference in amounts would have the effect of changing the demand.
Relators argue that the law, with respect to the plea of res judicata, has been succinctly stated in the case of Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1, 2;[2] and must be followed in the instant matter in their favor.
We believe that the three essentials prescribed by the Code have been met, and that there has been a strict adherence to its rules.
. In application for writs, it is urged that the Court of Appeal failed to consider and pass upon plaintiff-appellants’ alternate prayers for relief, as prayed for in the original petition and on appeal, and failed to order the distribution of the fund in the registry of the Court.
The sustaining of the plea of res judicata, as to the Rollinses, made it unnecessary to pass upon the alternative demands-.-
For the reasons assigned, the judgments of the district court, and the Court of Appeal, First Circuit, sustaining the plea of-res judicata, as to James L. and Dottie Brumfield Rollins are affirmed;- the judgments of the district court, and the Court of Appeal, First Circuit, sustaining, the plea of res adjudieata, as to the Federal Land Bank of New Orleans, are reversed and set aside; the plea is overruled, and the case is remanded to the district court' for.' further proceedings áccording to law. The costs incurred in this. Court, and the Court of Appeal, are to be páid by plains *263 tiffs-relators. All other costs to await the final determination of this suit.

. “It is declared in Article 539 of the Code of Practice, wherein final judgments are defined and their force and effect given, that a final judgment decides all of the points in controversy between the parties and has the force of res judicata. (As to what constitutes. ‘the thing adjudged,’ see Article 2286 of the LSA-Civil Code; Hope v. Madison, 194 La. 337, 193 So. 666 and the authorities therein cited.) But, in order to have force and effect a definitive or final judgment must be signed by the judge, rendering it. Articles 546 and 1074 of the Code of Practice. * * * And a judgment that has not been signed cannot be appealed from, much less have the force and effect of res judicata. Gates v. Bell, 3 La.Ann. 62; Hatch v. Arnault, 3 La.Ann. 482; and Derbigny v. Trepagnier, 12 La.Ann. 756.”

. “It is well settled that the plea of .res ' adjudieata is stricti' juris. Any doubt as to the identity of the causes of action in the two suits must he resolved in favor of the- plaintiff. Hope v. Madison, 194 La. 337, 193 So. 666”;