LANDRY, Judge.
Defendant herein, Roy Thomas, prosecutes this appeal from the judgment of the Honorable City Court, City of Baton Rouge, Louisiana, adjudging him to be in constructive contempt of an order of said tribunal directing his surrender of certain property seized pursuant to a writ of sequestration duly issued in execution of a judgment rendered against appellant and in favor of plaintiff-appellee, James Tol-bert
The Court, Ex proprio motu notes the absence from the record of a signed judgment, thus necessitating dismissal of the present appeal.
Examination of the record herein reveals the following minute entry inscribed October 23, 1963:
“This case came on this day for hearing on the Rule for Contempt. PRESENT IN COURT: C. Alvin Tyler, Attorney for Plaintiff and Patsy McDowell Cooper, Attorney for Defendant. Patsy McDowell Cooper filed Exceptions of No Right or no Cause of Action. The court after hearing the pleadings, evidence and argument of counsel ruled that the Exception of No Right No (sic) Cause of Action be over-ruled. The Court also made the Rule alsolute (sic) as to Constructive Contempt. The defendant was sentenced to pay a fine of $25.00 or in default to serve a term of 10 days in the Parish Jail said sentence being deferred for one week.”
We have diligently searched the record in the instant matter and find no evidence of a formal written judgment having been read, rendered and signed in open Court as required by LSA-C.C.P. Article 1911.
It is well settled that an appeal may be taken only from a signed judgment *392 inasmuch as a definitive judgment is not considered rendered and is therefore not appealable until it has been signed by the judge who announced the decision. LSA-C.C.P. Article 1911; Brown v. Boudreaux, 207 La. 233, 21 So.2d 44; Mayfair Sales, Incorporated v. Sams, La.App., 154 So.2d 616; Southern Bell Telephone and Telegraph Company v. Ace Freight Lines, Inc., et al., 155 So.2d 107; Davis v. Underwriters at Lloyd’s of London, La.App., 142 So.2d 803.
Accordingly, the instant appeal is hereby dismissed and this matter remanded to the City Court, City of Baton Rouge, Louisiana, for further proceedings, appellant to pay all costs of this appeal.
Remanded.