643 So.2d 374 (1994)
HENRY INSURANCE AGENCY, INC., Plaintiff-Appellee,
v.
Eugene DESADIER, et ux., Defendants-Appellants.
No. 94-39.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*375 Joseph C. Henry Jr., Natchitoches, for Henry Ins. Agency, Inc.
Donald David McKeithen Jr., Columbia, for Eugene Desadier, et ux.
Before GUIDRY, C.J., and DECUIR, and PETERS, JJ.
PETERS, Judge.
This is an appeal from a judgment sustaining an exception of res judicata. Eugene Desadier and his wife, Margie Hay Desadier, originally sought an injunction to prevent the public sale of their seized property alleging defects in the executory proceedings filed by Henry Insurance Agency, Inc. (Henry Insurance). The Desadiers also sought damages and attorney fees for the seizure. After the trial court refused to issue a preliminary injunction, the property was sold at a sheriff's sale. Almost four years later the Desadiers propounded interrogatories to which Henry Insurance responded by filing an exception of res judicata. The Desadiers appeal the judgment sustaining the exception of res judicata and the trial court's failure to award court costs and attorney fees in connection with their motion to compel discovery.

HISTORY OF LITIGATION
On August 31, 1984, Eugene Desadier and his wife, Margie Hay Desadier, executed a promissory note secured by a collateral mortgage on immovable property located in Natchitoches Parish, Louisiana, to secure a loan from Henry Companies, a Louisiana business partnership. On subsequent occasions they borrowed additional sums from *376 Henry Companies. Although there are factual disputes concerning the dates, amounts, and other specifics of the transactions, at least two are evidenced by promissory notes. These notes are dated July 25, 1986, and September 5, 1986.
In March of 1988, the Desadiers availed themselves of a Chapter 7 bankruptcy proceeding and listed Henry Companies as a creditor. On July 3, 1989, Henry Companies assigned the Desadier debt and security interest to Henry Insurance, the appellee herein. On August 29, 1989, Henry Insurance filed suit for foreclosure by executory process without benefit of appraisal claiming that the following promissory notes were secured by the mortgage:
"A. $1,440.00 note dated 7-25-86, payable at 24 monthly installments of $60.00 each, beginning 8-25-86, and on which the present balance is $1,371.64 with 36% per annum interest from April 11, 1986;
B. $396.00 note dated September 5, 1986, payable at 18 monthly installments of $22.00, with the first installment being due October 5, 1986, and on which the balance due is $396.00 with 36% per annum interest from March 5, 1988;
C. $11,100.00, dated August 31, 1984, payable in 60 monthly installments of $185.00 per month, beginning Oct. 1, 1984, and which the present balance is $530.12 with 29.42% per annum interest from October 1, 1989, until paid."
No personal liability of the Desadiers was asserted because of the prior bankruptcy proceedings.
In answer to the suit to foreclose, the Desadiers obtained a temporary restraining order and sought a preliminary injunction to prevent the public sale of their property. In their pleadings they alleged a number of affirmative defenses and requested attorney fees and damages for wrongful seizure. The trial court issued a temporary restraining order enjoining the sale and scheduled a hearing to consider a preliminary injunction.
Henry Insurance then filed exceptions of no right of action and prescription, an answer to reconventional demand (although the record does not reflect that the Desadiers filed a reconventional demand) and a reconventional demand seeking damages and attorney fees for "improper attempt to stop this Sheriff's sale."
After the hearing on the preliminary injunction, the trial court took the matter under advisement. Written reasons for judgment were rendered on October 24, 1989, and the court held that "the petition to enjoin the executory process is denied." Judgment to this effect was not signed until October 13, 1993, almost four years later. On October 25, 1989, one day after the written reasons were rendered, the property was sold at sheriff's sale.
Thereafter, the litigation remained inactive until June of 1993, at which time the Desadiers propounded interrogatories to Henry Insurance. In response, Henry Insurance filed an exception of res judicata, claiming that the judgment of the trial court denying the preliminary injunction barred all further action, including discovery. After a hearing on a motion to compel discovery, the trial court ordered Henry Insurance to answer the Desadier's discovery request but deferred the issue of attorney fees and costs to the hearing of the exception of res judicata. At the subsequent hearing, the trial court sustained the exception of res judicata without addressing the issue of attorney fees and costs.
The Desadiers have cited as error the trial court's judgment sustaining the exception of res judicata and its failure to award attorney fees and costs in connection with the motion to compel discovery.

ANALYSIS
There were originally two appeals in this matter. After the ruling denying the preliminary injunction was reduced to judgment on October 13, 1993, the Desadiers were granted a suspensive appeal on this issue only. This court, on its own motion, issued a rule to show cause why the appeal should not be dismissed as untimely under Louisiana Code of Civil Procedure article 2642. On March 11, 1994, that appeal was dismissed. That dismissal laid to rest any issues concerning the question of injunctive relief as it applies *377 to the sheriff's sale. Additionally, that dismissal is determinative of the other issues currently before the court.
A preliminary injunction is ancillary to a permanent injunction and is granted or denied through the use of a summary proceeding. By its very nature, it is interlocutory since the purpose is to maintain a particular status pending full trial on the merits. Equitable Petroleum Corporation v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2d Cir.1983). Because such a judgment does not determine the merits in the action for an injunction, it is not a final judgment. La.Code Civ.P. art. 1841.
Normally the denial of a preliminary injunction does not preclude a litigant's right to submit the case for final decision on the merits.
"Unless the parties expressly agree to submit the case for final decision at the hearing on the rule for a preliminary injunction, the principal demand for a permanent injunction is determined on its merits only after a full trial under ordinary process, even though the summary hearing on the rule for a preliminary injunction may tentatively decide merit-issues." (Citations omitted).
Equitable Petroleum Corporation, supra, 431 So.2d at 1087.
The issue before this court is whether the trial court erred in sustaining Henry Insurance's exception of res judicata and dismissing the Desadiers' demands. Because this suit was filed before January 1, 1991, res judicata as now defined in Louisiana Revised Statutes 13:4231 does not apply. The definition applicable in 1989 is as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
In order to plead res judicata, it is necessary that there be a final judgment. Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956). None exists in this case. Because the action for a permanent injunction and other relief associated therewith cannot ordinarily be disposed of with a rule to show cause why a preliminary injunction should not issue, the trial court erred when it sustained the exception of res judicata.
However, the dismissal of the Desadiers' claims is correct for other reasons. The authority for injunctive relief and damages in an executory proceeding is found in Louisiana Code of Civil Procedure article 2751 which, on August 29, 1989, read as follows:
"The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
"In the event injunctive relief is granted to the defendant, if the court finds the seizure in the executory proceeding to be wrongful, it may allow damages to the defendant. Attorney's fees for the services rendered in connection with the injunction may be included as an element of the damages."
The statute was amended by Acts 1989, No. 137, Section 18, effective September 1, 1989. The amendments included deletion of the second paragraph, but the second paragraph is applicable to this case. A prerequisite for the consideration of a claim for damages and attorney fees under this article is the granting of injunctive relief.
The dismissal of the suspensive appeal on the ruling denying the preliminary injunction rendered any defects associated with the executory process sale moot. It also precluded consideration of permanent injunction relief thereby dissolving any cause of action the Desadiers may have had under Louisiana Code of Civil Procedure article 2751. This court may notice the existence of an exception of no cause of action on its own motion. Louisiana Code of Civil Procedure article 927.

*378 DISPOSITION
For the foregoing reasons, the judgment of the trial court sustaining the exception of res judicata is set aside, but the judgment dismissing the claims of the appellants, Eugene Desadier and Margie Hay Desadier, is affirmed upon the recognition by this court that the claims of the appellants are barred by the exception of no cause of action. This finding also has the effect of defeating the Desadiers' claim for attorney fees and costs associated with Henry Insurance's failure to answer discovery requests. All costs are assessed against the appellants.
AFFIRMED.