# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1328

INTERDICTION
OF
ESTELLE MARIE MARCEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 81833 G
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese, Judges.

**MOTION TO DISMISS GRANTED.**
**MOTION TO REMAND DENIED.**

Joseph C. Giglio, Jr.
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424
Counsel for Plaintiffs/Appellees:
    Mona Lynn Lasher, Sharon Ann Landry, Susan Loraine Trahan, and
    Robert Lee Marceaux

James B. Doyle
Post Office Box 2142
Lake Charles, LA 70602
Counsel for Defendant/Appellant:
    Estelle Marie Marceaux

**SULLIVAN, Judge.**

Plaintiffs-appellees, Mona Lynn Lasher, Sharon Ann Landry, Susan Loraine Trahan, and Robert Lee Marceaux, have filed a motion to dismiss and remand the instant appeal as having been taken from a non-appealable, interlocutory order. For the reasons given herein, we dismiss the appeal and deny the motion to remand.

The plaintiffs filed the instant petition for limited interdiction against the defendant, their mother, regarding the care of her property. In their petition for interdiction, the plaintiffs alleged that their mother is unable to manage her financial affairs because she has given large amounts of money and property to a youth minister named Doug Stewart.

The trial court granted a temporary interdiction. Following contradictory hearings, the trial court denied a preliminary interdiction. Nevertheless, after making reference to an in-chambers discussion, the trial court ordered that all of the defendant's money and property be placed into an involuntary commercial trust. Further, the trial court decreed that the defendant was enjoined from donating, reimbursing, loaning, or expending anything of value to Doug Stewart, who allegedly convinced the defendant to convey a considerable amount of money to him. When questioned as to whether its ruling would preclude plaintiffs from pursuing their petition for interdiction, the trial court stated that it was only ruling on the matter before the court, which was the request for a preliminary interdiction. Counsel for the defendant agreed to draft the judgment and to secure the documents establishing the trust ordered in the ruling.

Notice of the trial court's judgment was mailed on the February 22, 2006. On April 20, 2006, the defendant filed a motion for devolutive appeal from the trial court's ruling, which was granted by the trial court. The appeal was lodged with this

court on October 21, 2006. Thereafter, plaintiffs filed the instant motion to dismiss and remand. In their motion, plaintiffs aver that the subject judgment is a non-appealable, interlocutory judgment and that the matter should be remanded to the trial court for enforcement.

The legislature amended La.Code Civ.P. art. 2083 by 2005 La. Acts No. 205. The amended statute took effect on January 1, 2006. This statute now reads:

> A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
>
> B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.
>
> C. An interlocutory judgment is appealable only when expressly provided by law.

The statute provides that an interlocutory judgment is appealable only when expressly provided by law. An interlocutory judgment is a judgment that does not determine the merits but only preliminary matters in the course of the action. La.Code Civ.P. art. 1841.

Thus, the threshold issue is whether a ruling denying a preliminary interdiction is an interlocutory judgment. The legal authority for granting a preliminary interdiction is provided in La.Civ.Code art. 391. Comment (d) to this statute provides that the term preliminary interdiction parallels a similar term used in the context of injunctive relief in La.Code Civ.P. arts. 3601-3613. Therefore, this court's case law concerning preliminary injunctions applies to preliminary interdictions by analogy to the extent that the terms are "parallel."

This court has held that a preliminary injunction is ancillary to a permanent injunction and is granted or denied through the use of a summary proceeding. *Henry*

2

*Ins. Agency, Inc. v. Desadier*, 94-39 (La.App. 3 Cir. 10/5/94), 643 So.2d 374.  By its very nature, it is interlocutory since the purpose is to maintain a particular status pending full trial on the merits.  *Id*.  Because such a judgment does not determine the merits in the action for an injunction, it is not a final judgment.  *Id*; La.Code Civ.P. art. 1841.  This same analysis applies to preliminary interdictions since the term parallels its injunctive counterpart.

Accordingly, a judgment denying a preliminary interdiction is interlocutory, and same is non-appealable unless an appeal is expressly provided for by law. La.Code Civ.P. art. 2083.  On this point, the analogy is no longer useful due to the ambiguous language of Comment (d) of La.Civ.Code art. 391, which states:

> The terms temporary interdiction and preliminary interdiction parallel similar terms used in the context of injunctive relief.  See Code of Civil Procedure Articles 3601-3613.

There are at least two plausible interpretations of the breadth of the comment quoted above, each leading to different outcomes regarding the propriety of an appeal of a preliminary interdiction.  However, each interpretation would ultimately lead to the dismissal of the instant appeal as being untimely or taken from a non-appealable judgment.

On one hand, the comment quoted above could be read as requiring that the statutes cited therein be applied to temporary and preliminary interdictions.  Under this interpretation, an appeal from a ruling on a preliminary interdiction would be expressly provided by La.Code Civ.P. art. 3612, as implicated by the comment quoted above.  Accordingly, parties would have fifteen days from the date of the order or judgment to file a motion for appeal. *Id*.

In the case *sub judice*, the motion for appeal was filed nearly two months from the date of the judgment which forms the basis for this appeal. Accordingly, under the first interpretation, the appeal would be subject to dismissal due to untimeliness.

On the other hand, Comment (d) of La.Civ.Code art. 391 could be read to analogize the procedural concepts for temporary and preliminary interdiction to their injunctive counterpart, which are more clearly illustrated in the statutes cited therein. Under this interpretation, an appeal in connection with an interdiction would be governed by the provisions of Title VIII, namely La.Code Civ.P. art. 4555, which does not expressly provide for an appeal of a denial of a preliminary interdiction. There being no law expressly providing for an appeal, the ruling would be an interlocutory, non-appealable judgment for the reasons more fully discussed above. Accordingly, the appeal must be dismissed under the interpretation discussed immediately above.

Turning to whether the order to place the defendant's property in an involuntary trust is appealable, we conclude that the unusual order by the trial court is an interlocutory ruling, as there is no indication that the ruling decided the merits of the petition for interdiction. La.Code Civ.P. art. 1841. There being no law expressly providing for an appeal, the ruling is an interlocutory, non-appealable judgment. La.Code Civ.P. art. 2083.

Turning to the motion to remand, we find the motion is without merit. The plaintiffs requested the matter be remanded to the trial court for enforcement of the subject judgment. However, the trial court retained jurisdiction to execute and give effect to the subject judgment because its effect was not suspended by the instant appeal. La.Code Civ.P. art. 2088(7).

4

Based on the foregoing reasons, the appeal in the above captioned case is dismissed at defendant's cost, and the motion to remand is denied.

**MOTION TO DISMISS GRANTED. MOTION TO REMAND DENIED.**