FOURNET, Justice.
 

 The adopted minor child of Charles A. Caronna having been adjudged a neglected child by decree of the Juvenile Court of Caddo Parish and, as such, taken from the custody of its adoptive parents and made a ward of the court, subject to its further orders, Caronna, on August 20, 1940, petitioned the court to' grant him a hearing “to determine the fitness of petitioner and his wife to an award of custody of said minor * * * with a full opportunity to be heard on the matters of said fitness and of the physical aiid moral conditions now in existence at the home of petitioner wherein it is desired to keep said minor, and that after such hearing the custody of said minor be awarded to petitioner and his said wife, subject to the further orders of this Court.”
 

 The record reveals that the minor, Charles A. Caronna, Jr., a child now approximately three years . old, was adopted by the appellant and his wife by notarial act passed before Grace B. Thomas on April 13, 1938. On October 17, 1939, the minor was decreed to be a “neglected” child within the meaning and contemplation of the
 
 *497
 
 law and petitioner’s wife was sentenced to serve a term in jail for her contribution to its neglect. Thereafter the child was placed in the custody of other parties as the ward of the court. Caronna instituted these proceedings on August 20, 1940.
 

 The parties to whom the court had entrusted the child at the time it was taken from Caronna intervened in 'the proceedings to contest the legality of Caronna’s adoption of the minor and his right to its custody, which intervention was disallowed,
 

 From the court’s refusal to grant Caronna custody of the child after a hearing on his application, he has appealed.
 

 Appellant’s counsel admits that no bills of exception were reserved to any of the rulings of the lower court, and concedes that under the provisions of Section
 
 7
 
 of Act No. 30 of 1924, the act creating the Juvenile Court of Caddo Parish and defining its jurisdiction and powers, appeals taken from that court are restricted to matters of law only, but he argues that since the judge presented the evidence in the case in great detail in. his written reasons for judgment, we may review the same, and that, if we find errors of law therein, we may reverse him thereon.
 

 It is his contention that the petitioner and his wife are entitled to have the relief they prayed for “based upon conditions existing subsequent to the time the child was taken into custody by the probation officer of Caddo Parish” and that the trial judge, therefore, should not have considered ex parte statements of probation officers and records covering periods of Mrs. Caronna’s life prior to that time (some of which had reference to her actions many years prior thereto and even during her own minority), particularly in view of the fact that no evidence along these lines had been introduced during the course of the hearing. He strenuously argues that the trial judge, in arriving at his conclusion that the custody of the child should not be restored to petitioner because of his wife’s intemperate and immoral habits, erred in giving any weight to these statements, records and incidents.
 

 In cases of this kind the court has only one paramount interest, i. e., the physical and moral welfare of the child. Before restoring the child to its parents, therefore, the court must be satisfied that the child’s best interests depend upon such restoration. In arriving at this conclusion, the judge is not bound by the evidence introduced on the hearing of the application for the child’s restoration but may take judicial cognizance of any records that may be in his court touching on the matter. If he thinks the case requires such action, he may even go so far as to institute an independent investigation of his own into the habits and character, as well as the circumstances surrounding the lives of the parents to whom he is asked to restore a neglected child, in an effort to determine whether or not such restoration is to the child’s best interest. Under the express provisions of the law the Juvenile Court of Caddo Parish is vested with broad discretionary powers in the matter of committing neglected children to institutions or persons for proper care, and in relieving these institutions or persons of their custody, for Section 16 of Act No. 30 of 1924 pro
 
 *499
 
 vides that “thé court
 
 way, in its discretion,
 
 commit said child to * * * any * * institution within the state organized for the care of delinquent children or to some person of good moral character, willing to assume the responsibility of said child * * * provided, that the court may, of its own motion when it considers it for the best interest of the child, order it discharged from the custody of any person or institution to whom or to which it may have been committed by the Court.” Section 16. (Italics ours.) This is in line with the provisions of the general act providing for the removal of children from the custody of parents in cases of abuse and their restoration to the parents upon proper showing of their worthiness, for Section 3 of Act No.
 
 79
 
 of 1894 provides that “Any district judge committing any child under this act shall have tbe power at any time after making such commitment
 
 upon proper showing
 
 to restore said child to his parents or parent, tutor or custodian.” (Italics ours.)
 

 Moreover, in this case the trial judge, in a well-considered written opinion, gives a detailed review and analysis of the testimony of the several witnesses who testified at the hearing and the other evidence considered by him in arriving at the conclusion he did, as well as the pertinent authorities, and there is nothing therein which would indicate that the broad'discretionary powers granted him by law have been abused in such a way as to' justify this court in disturbing his judgment. On the contrary, we believe his opinion reflects that he gave all of the parties involved every consideration contemplated by law.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s-cost.
 

 O’NIELL, C. J., and LAND, J., absent.