## FUTTERMAN et al. v. WESTERN UNION TELEGRAPH CO., Inc., et al.

### No. 929.

District Court, E. D. Louisiana, New Orleans Division.

March 16, 1942.

A. J. O'Keefe, Jr., Leon Davison, and M. C. Scharff, all of New Orleans, La., for plaintiffs.

Spencer, Phelps, Dunbar & Marks, and Sumter D. Marks, Jr., all of New Orleans, La., for defendants.

CAILLOUET, District Judge.

This action was instituted in the state court, in and for the Parish of Orleans, within this Eastern District of Louisiana, by citizens of Louisiana against the parents of a minor (likewise citizens of said State), with whom said minor then resided, and the Western Union Telegraph Company (his employer), organized under the laws of New York, and citizen of said State.

Plaintiffs sought to recover against the father and mother and the company individually and in solido, in amount exceeding $3,000, exclusive of interest and costs, for damages claimed to have been occasioned them by reason of the minor's alleged negligent operation of his bicycle, during the course and within the scope of his employment as one of the company's messenger boys.

Representing that it was sued in the character of master responsible for the act of the servant, and the two other defendants as parents of their minor child, residing with them at the time when occurred his alleged negligent act as defendant company's servant, done in the course and within the scope of his employment, the Western Union Telegraph Company duly petitioned for and effected removal to this Court.

The defendant Mrs. Joseph Lafaso was thereupon dismissed from the proceedings on her motion to the effect that, as to her, plaintiff's petition failed to state a claim upon which relief could be granted them.

On the joint motion of the remaining parties, the cause was submitted for the Court's decision, without jury, on testimony taken out of Court and several written stipulations made to form part of the record herein, and the following are the Court's findings of fact and conclusions of law, viz:

Findings of Fact

1. Andrew A. Lafaso, minor son of defendant Joseph Lafaso, citizen of Louisiana, was living with his parents on December 12th, 1936, when then and there in the employ of defendant Western Union Telegraph Company, citizen of the state of New York, as one of its bicycle messenger boys.

2. On said December 12th, 1936, he was at work in the course and within the scope of his said employment from 5 o'clock P. M. until 11 P. M., at which latter hour he was checked off duty, in due course, and did thereafter have no further duties to perform, on that night, for said Western Union Telegraph Company.

3. Upon leaving his employer's main office, 334 Carondelet Street, New Orleans, Louisiana, said Andrew A. Lafaso proceeded to a nearby restaurant known as "Tony's" and located on the uptown side of Perdido Street, between Carondelet and St. Charles, which he subsequently left at about 11:30 P. M.; all the while being garbed in his Western Union messenger boy uniform.

4. From said restaurant, he proceeded along the uptown sidewalk on Perdido Street in the direction of Carondelet St., and upon his reaching the intersection of said two streets, his bicycle, which was his own property and which he was then and there either riding or pushing on the sidewalk, collided with the plaintiff, Mrs.

Ruth Futterman Loikrec, who was walking on the inside of the Carondelet Street sidewalk, towards Canal St., with her husband and co-plaintiff, Dr. Olor Loikrec.

5. Said Andrew A. Lafaso was not then returning to the main office of the Western Union Telegraph Company for the purpose of turning in the messenger boy uniform that he was still wearing and which was the property of the company; although there existed a general company order directing the taking off of the messenger boy uniform at the time of checking off duty.

6. Neither the taking of the testimony of said Andrew A. Lafaso nor the agreements embodied in several stipulations filed, all of which, together, constitute the evidence upon which the cause has been so submitted to the Court for decision, were done and perfected by and with the consent of defendant Joseph Lafaso, nor were subsequently ratified and confirmed by him.

## Conclusions of Law

 1. The plaintiffs' petition in the State court reflected a separable controversy between plaintiffs and the defendant Western Union Telegraph Company, which defendant company the plaintiffs sought to hold liable for the alleged negligent act of Andrew A. Lafaso (minor son of Mr. and Mrs. Joseph Lafaso, who resided with them), under the doctrine of respondeat superior, whilst suing the parents of said minor servant so residing with them—though no action lay in law against the mother—based upon the facts of minority, parenthood and residence under the paternal roof. The jurisdictional amount and diversity of citizenship legally required to vest jurisdiction in this Court, as well as such separable controversy, having been first found present at the time that consideration was had of the motion to remand filed by the plaintiffs in 1937, the removal hereto effected from the State court at the instance of defendant Western Union Telegraph Company, and the jurisdiction of this Court to try the cause, were then properly maintained.

2. The doctrine of respondeat superior applies where an employee is acting in the course of his employment and within the scope of his authority.

3. An inconclusive and rebuttable presumption that he was then acting in the course and scope of his employment as a messenger for the Western Union Telegraph Company existed on the occurrence of the accident in which Andrew A. Lafaso was involved, from the fact that he was then garbed in the uniform of such a Western Union messenger.

4. Such presumption was, however, definitely rebutted by the evidence.

5. At the time of said accident, Andrew A. Lafaso was not acting in the course of his employment and within the scope of his authority, and defendant Western Union Telegraph Company is, therefore, entitled to a judgment dismissing plaintiff's action against it, with costs.

6. As there was no evidence taken contradictorily with the remaining defendant, Joseph Lafaso, he is likewise entitled to a judgment dismissing said action as to him, with costs.

Accordingly, let judgment dismissing plaintiffs' action against both of said named defendants, be entered.