43 So.2d 469

### STATE v. TRAYLOR.
### No. 39461.

Nov. 7, 1949.
Rehearing Denied Dec. 9, 1949.

Fred G. Benton, Geo. Mathews, Edward Donald Moseley, Baton Rouge, for appellant.

Kemble K. Kennedy, Baton Rouge, for appellee.

PONDER, Justice.

This is an appeal from a judgment of the Juvenile Court of the Parish of East Baton Rouge awarding the custody of Worth Lee Traylor, a minor, to Mrs. Rosalie Knox Creaghan.

The grandmother, Mrs. L. F. Sherer, the legal custodian of the minor, died in Baton Rouge on March 13, 1949. On the following day the grandfather, L. F. Sherer, filed an affidavit with the Juvenile Court of the Parish of East Baton Rouge in which he alleged that the minor "is an abandoned and neglected child in that one parent is dead and it is necessary that a temporary custodian be appointed for said child. His father is absent from the state." Three days thereafter, March 17, 1949, Mrs. William Burris of El Paso, Texas, a paternal grandaunt of the minor, filed an affidavit in the juvenile court alleging that the minor "is an abandoned and neglected child."

On trial of the case in the lower court, L. F. Sherer, the grandfather; Mrs. John C. Barker of Rayville, Louisiana; and Mrs. Rosalie Knox Creaghan, a cousin, who lives in Baton Rouge, indicated to the court that each of them would like to have the custody of the child. The lower court gave judgment awarding the custody to Mrs. Creaghan. Mrs. Burris and Traylor applied to the lower court to reopen the case alleging the court was without jurisdiction both ratione personae and ratione materiae. This application was denied and writs were

applied for and refused by this Court. Mrs. Burris and Traylor appealed and an answer was filed to the appeal. The matter is now submitted for our determination.

The appellants contend that the juvenile court was without jurisdictional authority to determine the custody of the minor. They take the position that the minor is not an abandoned or neglected child and that this Court should take cognizance of the lack of jurisdiction of the juvenile court. They ask us to exercise our original jurisdiction by habeas corpus to protect the rights of the parent to the custody of the child. They cite in support of their contentions the cases of State v. Brockner, 207 La. 465, 21 So.2d 499 and In re Knight, 212 La. 357, 31 So.2d 825.

The Brockner case is authority for the exercise of our supervisory powers in extreme cases where the lower court is without jurisdiction when the lower court has not been afforded an opportunity to pass on the question. In the Knight case the grandmother sought to deprive the mother of the guardianship of her two minor children. In that case we observed that the phrase "without guardianship" as used in paragraph 6 of Act 83 of the Extra Session of 1921 in defining the term "neglected child" is without application to children who have a home provided by their parents. We pointed out that the phrase has reference only to cases where there is no parent or other person charged with legal obligation

of caring for the child or where the parents have failed to provide for it and allowed it to become dependant on the public for support. .

There is no dispute that the juvenile court does not have jurisdiction over a controversy between persons for the custody of a child. However, the juvenile court has exclusive jurisdiction over the custody of a neglected or delinquent child.

In the present case the grandmother, the legal custodian of the child, died. On her death the child was left without a legal custodian because the father did not have custody of it.

On the trial of the case the father of the child did not seek its custody but expressed a desire for it to be awarded either to Mrs. Burris or Mrs. Barker.

The lower court found both the grandfather and the father unfit to have the custody of the child giving its reasons as follows: "The evidence shows that Mr. Traylor has on one or more occasions in the past been charged with the non-support of this child. More than this, regardless of what good qualities he may possess, he has been addicted to the excessive use of alcohol and on more than one accasion been treated for alcoholism at the State Hospital at Jackson. He claims to have reformed. It is to be hoped that this is true. Be that as it may it would not be for the best interest of the child that its custody be awarded to its father, * * * and that is equally true of the grandfather, who obviously is in a physical condition which precludes the possibility of his present or future ability to properly take care of the child."

The trial court was of the opinion that all three of the ladies desiring the custody of the child were excellent persons but thought it to the best interest of the child to award its custody to Mrs. Creaghan, stating its reasons as follows: "However, in view of the fact that Mrs. Creaghan intimately associated with the child's grandmother who expressed the wish that she have the child, and in view of the fact that Mrs. Creaghan's a close relative to the mother of the child and able financially, and otherwise, to care for the child, I have concluded that it will be for the best interest of the child that he remain here close to those who the child knows best and who best know the child."

The Brockner case is not applicable because the trial court was vested with jurisdiction to try the case. The observation made in the Knight case support findings of the trial court for the reason the child did not have a home provided for by its parents and there remained no person charged with the legal obligation of caring for the child but the father and he has failed to provide for it in the past.

The trial judge is allowed great discretion in awarding the custody of a neglected child and we are not warranted

to disturb his findings under the evidence in this case.

For the reasons assigned, the judgment is affirmed at appellants' cost.

HAMITER, J., does not take part.