WILLIAMS, Judge.
Plaintiffs brought this action to recover for personal injuries to themselves and their minor child resulting from a collision between two automobiles at a street intersection. From a judgment rejecting their demands plaintiffs have appealed.
On April 22, 1967 at about 8:32 P.M. plaintiffs Melvin and Ethel Heath and their two month old child, Calandria, were riding as guest passengers in an automobile owned and operated by J. D. Carr. The Carr vehicle was traveling south on Allen Avenue in Shreveport, Louisiana, and entered the intersection of Allen and Texas Avenues where it was struck from the left side by a taxi cab traveling on Texas. Plaintiffs allege that they and their child sustained injuries from the collision and brought this action against The Yellow Cab Company, Inc., and Fidelity General Insurance Company of Chicago alleging the *701 cab was owned by Yellow Cab; that it was driven by an employee of Yellow Cab, Buel H. Udell in the course and scope of his employment; and insured by Fidelity.
Defendants answered plaintiffs’ petition with a general denial.
At the trial on the merits, plaintiffs failed to prove the taxi cab was owned by Yellow Cab Company, Inc.; the cab was driven by an employee of Yellow Cab in the course and scope of his employment; the driver was dressed in a uniform of any type; and that Fidelity was the insurer of the taxi cab. The trial court dismissed plaintiffs’ demands.
On appeal plaintiffs allege that a rebut-table presumption arises that an individual is acting within the course and scope of employment by a principal when he is garbed in the familiar and clearly marked uniform worn by employees of the principal, citing the cases of Futterman v. Western Union Telegraph Company, 43 F.Supp. 729 (D.C.1942) and Whittington v. Western Union Telegraph Company, La.App., 1 So.2d 327 (2nd Cir. 1941).
The plaintiffs contend the District Court was in error in failing to apply the principles set forth in the Whittington v. Western Union Telegraph Company case, supra, to the instant case, their position being the evidence was sufficient to raise a re-buttable presumption that the driver was so garbed as to indicate he was acting in the course and scope of his employment by the Yellow Cab Company.
The evidence presented by the plaintiffs is silent as to the facts which would give plaintiffs any comfort under the holdings of the cases cited. The findings of the District Court are correct. The plaintiffs have failed to bear the burden of proof and have presented no evidence to sustain their contentions.
“* * * the plaintiff bears the burden of proof, and he must establish his claim by a preponderance of the evidence and to a legal certainty. It follows from this that speculation, conjecture, mere possibility, and unsupported probabilities are not sufficient to support a judgment. * * * ” [Credeur v. McManus, La.App., 175 So.2d 863 (1965) 3rd Cir.]
The judgment of the trial court is affirmed with costs assessed against appellants.