244 So.2d 35 (1971)
Beverly Williams McELWEE, Plaintiff-Appellant,
v.
William Tandy McELWEE, Jr., Defendant-Appellee.
No. 11558.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1971.
Paul Henry Kidd, Monroe, for plaintiff-appellant.
Campbell, Campbell, Marvin, & Johnson, by John T. Campbell, Minden, for defendant-appellee.
Before AYRES, PRICE, and HALL, JJ.
PRICE, Judge.
On November 15, 1966, a separation from bed and board was awarded unto Beverly Williams McElwee against William Tandy McElwee, Jr., along with the sum of $310.00 per month as alimony pendente lite.
On March 1, 1968, Beverly McElwee filed a rule against William McElwee, seeking to have the sum of $5,070.00 declared past due and owing under the aforesaid judgment providing for alimony pendente lite, and further to have the court hold defendant in contempt for failure to comply with the judgment. William McElwee answered the rule, contending that his wife was in possession of a sum in excess of $20,000.00 belonging to the community of acquets and gains formerly existing between them, and that any unpaid alimony should be offset against this sum already in the possession of Mrs. McElwee.
A written opinion by the trial judge was filed on February 27, 1969, rejecting the demands of the plaintiff-in-rule and upholding the contention of the defendant. No formal judgment was prepared and signed in Open Court in response to the trial judge's reasons for his decision. A motion for a new trial was filed on March 18, 1969, and was set for hearing on April 11, 1969. A written judgment was signed on April 20, 1970, denying the motion for a new trial.
Although appellant's motion for a devolutive appeal, which was granted by the court, signifies that she desires to appeal from the final judgment rendered in this cause on the 20th day of April, 1970, there has been no appealable judgment *36 signed and filed in the record in this cause. The written reasons of the trial judge for his decision in the matter will not suffice. La.Code of Civil Procedure, art. 1918; Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1957); Succession of Babin, 206 So.2d 778 (La.App. 1st Cir. 1968).
An appeal is premature in the absence of a signed judgment in the record and we must dismiss this appeal ex proprio motu. La.Code of Civil Procedure, arts. 1911 and 2083; Heath v. Piermont Insurance Company, 211 So.2d 700 (La.App. 2d Cir. 1968); Advertiser, Division of Independent, Inc. v. Tubbs, 203 So.2d 418 (La. App. 3d Cir. 1967); Kleb v. Choate, 203 So.2d 422 (La.App. 3d Cir. 1967).
For the reasons assigned, this appeal is dismissed without prejudice at the cost of the appellant.