HALL, Judge.
This is a suit for damages allegedly caused to plaintiff’s land and timber arising out of the removal of a pipeline crossing his property. Plaintiff is M. M. Rhodes, a resident of Union Parish, Louisiana. Defendants are J — W Operating Company, a Texas corporation, and Sartor Company, Inc., a Louisiana corporation.
Plaintiff alleged in his petition that:
(1) He is the owner of a certain tract of land in Union Parish.
(2) In 1947, plaintiff’s predecessor in title entered into a right of way contract with Root Petroleum Company for the laying, operation and removal of a pipeline across plaintiff’s land, which contract provided that “Grantee agrees to pay any damages which may arise from the laying, maintaining, operating and removing said pipeline * * *”
(3) Defendant, J — W Operating Company, subsequently acquired and assumed the rights and responsibilities of Root Petroleum Company under the contract and plaintiff acquired and assumed the rights and responsibilities of his predecessor in title under the contract.
(4) During the last half of 1969, defendant, Sartor Company, Inc., under contract with and on behalf of J— W Operating Company entered upon plaintiff’s land and removed the pipeline which had been in operation thereon, and
(5) The removal of the pipeline was conducted in a negligent manner, resulting in damages to the surface of the ground and timber in the amount of $900.00.
Plaintiff prayed for judgment against both defendants in solido.
*659 An answer in the nature of a general denial was filed on behalf of both defendants.
After trial on the merits judgment was rendered in favor of the plaintiff in the sum of $516.34. The judgment read and signed is against defendant J — W Operating Company only, with no mention of the disposition of the demand by plaintiff against Sartor Company, Inc.
Both defendants perfected devolutive and suspensive appeals. In this court both defendants have filed a plea of prescription contending that the action brought against them is founded in tort, that there is no privity of contract between plaintiff and either defendant, that more than one year lapsed between the infliction of the damages to plaintiff and the institution of this suit, and that plaintiff’s action has prescribed under Article 3536 of the Louisiana Civil Code.
In defendant’s brief, it is pointed out that judgment was signed only against the defendant J — W Operating Company and it is urged that the appeal of Sartor Company, Inc. is premature.
There being no judgment rendered and signed against Sartor Company, Inc. in this suit, the appeal taken by Sartor Company, Inc. is premature and must be dismissed. LSA-Code of Civil Procedure Articles 1911 and 2083. McElwee v. McElwee, 244 So.2d 35 (La.App.2d Cir.1971); Kleb v. Choate, 203 So.2d 422 (La.App.3d Cir.1967); Advertiser, Division of the Independent, Inc. v. Tubbs, 203 So.2d 418 (La.App.3d Cir.1967); Succession of Grigsby v. Hamilton, 211 So.2d 699 (La.App.2d Cir.1968).
The plea of prescription filed on behalf of defendant J — W Operating Company is properly before this court for consideration. LSA-Civil Code Article 3464; LSA-Code of Civil Procedure Article 2163; A Second Mortgage Company of Baton Rouge, Inc. v. Gatlin, 233 So.2d 583 (La.App. 1st Cir.1970); Duncan v. City of Pineville, 192 So.2d 664 (La.App.3d Cir.1966); Franks v. City of Alexandria, 128 So.2d 310 (La.App.3d Cir.1961).
LSA-Code of Civil Procedure Article 2163 provides:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
Plaintiff alleged and contends that J — W Operating Company acquired the rights and assumed the obligations of Root Petroleum Company under the right of way grant which contractually obligated the grantee to pay any damages arising from the removal of the pipeline. We find, however, that this allegation and contention is not supported by any evidence in the record. The only evidence bearing in any way on this issue was the testimony of a defense witness who was a district foreman for J — W Operating Company, as follows :
Q. “And I believe J — W bought that pipeline and contracted with Mr. Sartor to remove it, is that correct?
A. “That’s right.”
On the basis of this testimony alone we cannot conclude that defendant J — W Operating Company stepped into the shoes of the original grantee of the pipeline right of way nor can we conclude that J — W Operating Company was contractually bound unto the plaintiff by the terms of the right *660 of way instrument. Thus, any liability the defendant had to the plaintiff arising out of the removal of the pipeline was delic-tual in nature and the liberative prescriptive period of one year established by LSA-Civil Code Article 3536 is applicable.
The evidence and the record support the plea of prescription. Suit was filed May 19, 1970. Although alleging and at first testifying that the pipeline was removed in the summer of 1969, plaintiff conceded on cross-examination that the removal took place in the summer of 1968. Plaintiff further testified that he observed the damage and actually took some steps to correct it in the late summer of the same year in which the pipeline was removed. It is clear, therefore, that plaintiff had knowledge of the damage in the late summer of 1968. Under LSA-Civil Code Article 3537 where land, timber or property has been injured, cut, damaged or destroyed prescription runs from the date knowledge of such damage is received by the owner thereof. Other testimony in the records supports our finding that the damage occurred and plaintiff had knowledge thereof in 1968.
This suit having been filed more than one year after the removal of the pipeline and after plaintiff’s' receipt of knowledge of any damage that was done, plaintiff’s cause of action prescribed and the plea of prescription filed in this court should be sustained.
For the reasons assigned:
(1) The appeal of Sartor Company, Inc. is dismissed; and
(2) The judgment in favor of plaintiff and against defendant, J — W Operating Company, is reversed and there is now judgment in favor of defendant, J — W Operating Company, and against plaintiff, M. M. Rhodes, sustaining said defendant’s plea of prescription and dismissing plaintiff’s suit as to said defendant at plaintiff’s cost.