SARTAIN, Judge.
This is a purported appeal in a juvenile matter, wherein Roy Wilburn Brecheen allegedly killed one Ronald Mitchell in the City of Denham Springs, Louisiana.
The hearing was conducted before the Honorable Raymond S. Bennett, Judge of the City Court of Denham Springs, Ward 2, of the Parish of Livingston, sitting as a Juvenile Court. The record reflects that at the conclusion of the hearing Judge Bennett determined:
“After weighing all of the evidence and the testimony that has been presented, it is the decision of this Court that Roy Brecheen is a proper person for commitment to an institution. It is, therefore, the judgment of the Court that the child, Roy Brecheen, be committed to the Department of Corrections for an indefinite period of time and with the recommendation that the Department of Corrections commit him to the Louisiana State Institute in Monroe.”
The record does not contain a judgment adjudicating the juvenile a delinquent nor does the record contain a signed order of commitment.
The pertinent portion of the minutes reads:
“After all the testimony was given, it was the decision of the Court that Roy W. Brecheen is a proper person for commitment and that he be committed to the Department of Corrections for an indefinite period of time with a recommendation to the Department of Corrections that he he sent to the Louisiana Training Institute at Monroe, Louisiana.”
We are of the opinion and must hold that absent any adjudication of delinquency coupled with a signed judgment reflecting the same, both of which must be contained in the record, an appeal is premature and must be dismissed ex proprio motu and without prejudice. C.C.P. Arts. 1911, 1918, 2083 and R.S. 13:1591. See also Heath v. Piermont Insurance Company, 211 So.2d 700 (La.App. 2d Cir. 1968); Advertiser, Division of Independent, Inc. v. Tubbs, 203 So.2d 418 (La.App. 3d Cir. 1967); Kleb v. Choate, 203 So.2d 422 (La. App. 3d Cir. 1967).
The statutory provisions generally governing the conduct of juvenile proceedings are found in Title 13, Secs. 1561 through 1592 of the Revised Statutes of Louisiana. Section 1580 provides that once a youth is found to be within the purview of the applicable statutes, “it may adjudge the child to be . . . delinquent . . .” After such adjudication the section specifies the dispositional authority of the court. In the instant matter the court obviously intended to commit the juvenile to the Department of Corrections pursuant to R.S. 15:901.
R.S. 13:1591 with respect to appeals states, "Appeals from any final judgment of a juvenile court must b,e taken within 10 days after said judgment is signed,
*795 Obviously, the judge a quo in considering whether or not the juvenile was a proper person for commitment had in mind R.S. 15 :901. Paragraph C of Section 901 while containing language to the effect that the order of commitment “shall not state that the child is delinquent or dependent” (neglected) relates solely to the commitment of a youth to an institution. It cannot have the effect of eliminating the requirement for an adjudication of either delinquency or neglect because it is the finding of an act of delinquency or a state of neglect which vests the juvenile court with the jurisdiction over the juvenile.
Accordingly, this appeal must be dismissed without prejudice on the grounds that the record contains no adjudication of delinquency, no signed judgment reflecting the same, and no signed order of commitment. Once these deficiencies are satisfied an appeal may then be taken and the issues therein raised considered.
Appeal dismissed.