BOUTALL, Judge.
This is an appeal from the Juvenile Court for the Parish of Jefferson. The defendant, Roger H. Alexander, Jr., was charged with the crime of criminal neglect of family under the provisions of LSA-R. S. 14:74. He pleaded guilty on May 9, 1973 and was condemned to pay $150.00 a month in alimony to begin August 1, 1973, pursuant to LSA-R.S. 14:75. At the time of the plea, Alexander was in the Alcoholic Treatment Center at Mandeville, but after release he was earning approximately $800.00 a month as a merchant seaman. A year and a half later, Alexander was injured in a work connected accident. The injury has kept him from doing any work at all and his income has been reduced to $56.00 a week in compensation payments. Because of this reduction in income Alexander brought a rule to show cause why the alimony payments should not be reduced. At the conclusion of the hearing, January 7, 1975, the court reduced the alimony and on February 10, 1975 rendered a written decree as follows:
“DECREED that the child support shall be reduced to $25.00 per week effective Jan. 10, 1975, and that the children shall receive one-half of all the net proceeds received from any settlement of the father’s maritime personal injury claim ;****”
Alexander appeals from that portion of the decree awarding the children one-half of the settlement of the claim. There is no issue here of the weekly support.
The only issue before this court is whether or not the Juvenile Court for the Parish of Jefferson has the jurisdiction to issue an order granting the children one-half of any proposed settlement. The trial judge informs us he would implement this order by later setting up a trust fund for the children.
Juvenile Courts by their nature are courts of special or limited jurisdiction, State v. Brockner, 207 La. 465, 21 So.2d 499 (S.Ct. 1945) and as such have only such authority as granted in constitutional and legislative enactments. The Juvenile Court for the Parish of Jefferson derives its jurisdictional limits from the Constitution of 1921.[1] Article VII, § 52, and 54, setting out the Court’s authority in criminal neglect of family cases, and providing for that Particular Court. The Court is granted criminal jurisdiction that includes such crimes as criminal neglect of family (RS:14:74) and its related provisions at issue before us. Specifically, Article VII, § 54, LSA-R.S. 14:75 and 15:305 set out *612 what a court may do in the way of establishing alimony provisions for the neglected children. Any order issued by a juvenile court setting alimony provisions for neglected families must come within the authority granted therein.
R.S. 14:75 is nearly identical with Art. VII, § 54 and continues in existence under the Constitution of 1974.
This statute is most plain in its language. The Court may set a certain sum of money to be paid in weekly installments or at other intervals. If the judge, as in this case, feels that the defendant will not pay the installments he can require the defendant to enter into a recognizance, in the manner the Court directs. Besides imposing a fine payable to the children in the initial hearing, on a rule for contempt, the judge may fine the defendant the total amount of due and unpaid alimony. The statute makes no other provisions and we shall not read any into it.
The Court in ordering defendant to pay one-half of his pending personal injury claim to his children has clearly gone outside the language of the statute. We are impressed with the high motives of the Court in this instance; the Court feeling this was the best method of protecting the children. However, due to the limited nature of the Juvenile Court jurisdiction, it is impossible to render such an order. If it be determined that the present juvenile law does not provide adequate remedies for the protection of neglected children, the legislature must furnish them.
For the above reasons we amend the judgment of the trial Court to delete that section decreeing: “and that the children shall receive one-half of all the net proceeds received from any settlement of the father’s maritime personal injury claim;” and as amended we affirm. All costs of this appeal are taxable to the State of Louisiana to the extent assessable.

Amended and affirmed.

. This proceeding began before the effective date of the Constitution of 1974. See Art. 14, § 23 thereof. Old § 52 is now made statutory and § 54 is basically repealed in the statutes.