337 So.2d 637 (1976)
STATE of Louisiana in the Interest of Monica Lynn PURCELL et al., Plaintiff-Appellee,
Kenneth L. Purcell, Appellant,
Mrs. Barbara Quebodeaux Leonpacher, Appellee.
No. 5641.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
*639 L. E. Hawsey, III, Baton Rouge, for intervenor-appellant.
Bares & Placer by Michael Placer, Lafayette, for intervenor-appellee.
Frances M. Gilfoil and David F. Hutchins, Lafayette, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, JJ.
HOOD, Judge.
This child abuse and neglect proceeding was instituted in the Juvenile Court for the Parish of Lafayette under the provisions of LSA-R.S. 14:403.
Upon request of the LaFayette Child Protection Center an instanter order was issued by the juvenile court on June 2, 1976, placing four children, Monica Lynn Purcell, Mark Patrick Purcell, John Eric Purcell and Gregory Louis Purcell, in the temporary custody of their father, Dr. Kenneth Louis Purcell. An investigation of the complaint was made, a written report of that investigation was submitted to the district attorney, a petition then was filed in the juvenile court by the district attorney, and a hearing was held, all in accordance with the provisions of LSA-R.S. 14:403 G.
Following that hearing, judgment was rendered by the juvenile court decreeing that:
"I. Monica Lynn Purcell remain in the custody of her father, Kenneth L. Purcell, M. D., until further orders of the Court; and
"II. Mark Patrick Purcell, John Eric Purcell, and Gregory Louis Purcell be remanded to the custody of their mother, Barbara Ann Quebodeaux, wife of Robert J. Leonpacher."
Dr. Purcell, the father of the children appealed. Mrs. Barbara Quebodeaux Leonpacher, the mother, answered the appeal praying that the judgment be amended so as to remand to her the custody of Monica Lynn Purcell.
The following issues are presented: (1) Whether the Juvenile Court had jurisdiction to "remand" the custody of the three boys to their mother, Mrs. Leonpacher, after determining that the evidence failed to establish abuse or neglect of those three children; and (2) whether that portion of the judgment which orders that Monica Lynn Purcell remain in the custody of her father is adequately supported by the evidence.
The record shows that Dr. Purcell and his first wife (now Mrs. Leonpacher) were divorced on June 26, 1972. The custody of their four minor children, Monica Lynn, Mark Patrick, John Eric and Gregory Louis Purcell, was awarded to the mother, subject to reasonable visitation by the father. Both Dr. Purcell and Mrs. Leonpacher later remarried.
In May, 1976, the four children visited their father, and when the visitation period expired, Dr. Purcell refused to return the children to the Leonpacher household. Instead, he filed a motion in the divorce proceedings in the district court seeking a change of custody. Mrs. Leonpacher thereupon petitioned the district court for a writ of habeas corpus to compel appellant to return the four children to her custody, and she also filed pleadings in that court seeking other types of relief.
While those matters were pending in the district court, the present proceeding was instituted in the Juvenile Court for the Parish of Lafayette. The application for a writ of habeas corpus was voluntarily dismissed by Mrs. Leonpacher, but some of the other proceedings instituted by the parties are still pending in the district court. The only judgment which is before us for review on this appeal, however, is the one which was rendered by the juvenile court.
We agree with the trial judge that the evidence fails to establish abuse or neglect of the three boys, Mark Patrick, John Eric, and Gregory Louis Purcell.
The Juvenile Court for the Parish of Lafayette is a court of special or limited jurisdiction, and as such, it has only such authority as is granted to such a court by constitutional and legislative enactments. Louisiana Const.1974, article 5, §§ 18 and 19; LSA-R.S. 13:1561.1; State v. Alexander, 320 So.2d 610 (La.App. 4 Cir. 1975).
*640 The law grants to juvenile courts exclusive original jurisdiction in proceedings concerning any child, domiciled in or found within the parish, who has been determined to be abused or neglected under LSA-R.S. 14:403. See LSA-R.S. 13:1570, et seq.; In Re Cruse, 203 So.2d 893 (La.App. 4 Cir. 1967). If the evidence does not establish that the child has been abused or neglected in such a proceeding, the juvenile court has no jurisdiction or authority to determine the custody of the child or to render any other judgment relating to custody. State In Interest of King, 310 So.2d 614 (La.1975); Mertens v. Mertens, 308 So.2d 508 (La.App. 3 Cir. 1975).
Since the evidence in the proceeding now before us does not show abuse or neglect of any of the three Purcell boys, we conclude that the Juvenile Court for the Parish of Lafayette had no jurisdiction or authority to render a judgment relating to the custody of those children.
The judgment appealed from decrees that the three boys "be remanded to the custody of their mother." Appellant, Dr. Purcell, contends that the word "remanded," as used in that judgment, conceivably could be construed as meaning that the custody of the three boys has been transferred to or reinstated in the mother by the juvenile court. He argues that since that court had no jurisdiction to award custody of the children to anyone, all orders of the juvenile court pertaining to the three Purcell boys are null, and the judgment appealed from thus should be amended to decree only that the juvenile proceedings should be dismissed insofar as they relate to the three boys.
Mrs. Leonpacher, the mother, contends that the judgment appealed from does not "grant" custody of the three boys to her, but that it simply "restores" to her the custody which had previously been ordered by the district court. She argues that the judgment appealed from should be affirmed insofar as it relates to the three boys.
We do not believe that the juvenile judge intended to award or to order the transfer of custody of the three boys to their mother. We agree with appellant, however, that the use of the term "remanded" in that judgment conceivably could be misinterpreted as an award of custody. For that reason, we have decided to amend the judgment of the trial court by deleting that part which orders that Mark Patrick, John Eric and Gregory Louis Purcell be remanded to the custody of their mother, and to decree only that these proceedings are dismissed insofar as they relate to those three children.
Turning now to the second issue presented on this appeal, Mrs. Leonpacher takes the position that "the juvenile judge did not find that Monica Lynn Purcell had been abused," but that he merely found that it was "within the best interest of this juvenile" that she remain with Dr. Purcell. She argues that since the court did not find Monica Lynn to be abused, the juvenile court was without jurisdiction to award custody to the father.
The trial judge did not state specifically in his reasons for judgment that he found Monica Lynn to have been abused or neglected. Considering the reasons for judgment as a whole and the decree which was signed in this case, however, it is apparent that the juvenile judge found that Monica Lynn had been abused or neglected, and on the basis of that finding he decreed that she should remain in the custody of her father.
Mrs. Leonpacher argues that the evidence fails to support a finding that Monica Lynn had been abused or neglected. Our review of the record convinces us that there is sufficient evidence to support the judgment of the juvenile judge relating to that child. Since we agree with the trial judge that the evidence establishes abuse or neglect of Monica Lynn, it follows that the juvenile court had jurisdiction or authority to determine the custody of that child.
The law is settled that the determination of the trial judge in child custody matters is entitled to great weight, and that his discretion in those matters will not be disturbed on review in the absence of a *641 clear showing of abuse thereof. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
We find no abuse of discretion on the part of the trial court in rendering judgment decreeing that Monica Lynn should remain in the custody of her father, Dr. Purcell, until further orders of the court.
For the reasons assigned, that part of the judgment appealed from which decrees that Mark Patrick Purcell, John Eric Purcell, and Gregory Louis Purcell, be remanded to the custody of their mother, Mrs. Leonpacher, is amended to decree simply that these juvenile proceedings are dismissed insofar as they relate to the above named three children. The judgment appealed from is affirmed in all other respects, and it particularly is affirmed insofar as it decrees that Monica Lynn Purcell will remain in the custody of her father, Kenneth L. Purcell, M.D., until further orders of the court. One-half the costs of this appeal are assessed to appellant, Dr. Kenneth L. Purcell, and the remaining costs are assessed to appellee, Mrs. Barbara Ann Leonpacher.
AMENDED and AFFIRMED.
MILLER, J., concurs and assigns written reasons.
MILLER, Judge (concurring).
While I agree to the modification of the trial court judgment, I respectfully submit the trial court also understood and applied the law set forth in our opinion.
Although the record does not contain judgments granting custody of the four children to the mother, pleadings in the record and arguments of counsel leave no doubt that both the judicial separation and divorce judgments granted custody of all four children to the mother, subject to specified visitation rights granted the father.
When the trial court set aside its ex parte order granting temporary custody of the three boys to the father, he "remanded" custody of these boys to the mother. This is precisely what we accomplish by setting aside the ex parte order granting the father temporary custody of the three boys.
One other phase of this case bears discussion. As noted in our majority opinion, both mother and father have contested custody of their children on prior occasions. Furthermore, the father has a custody claim pending in the proper forum at this time. Trial courts should not allow child abuse and neglect proceedings under LSA-R.S. 14:403 to be used to change child custody to the other parent. To prevent abuse of the use of this harsh remedy, the exparte custody order granted in this case should have placed the children with the Child Welfare Division of the Department of Public Welfare rather than with one parent. On finding child abuse, the trial court should have awarded temporary custody of Monica to the same department pending trial of the father's attempt to get custodythat hearing is scheduled to commence the day these opinions are being handed down.
I respectfully concur in the decree.