353 So.2d 442 (1977)
STATE of Louisiana, Plaintiff-Appellee,
v.
Bryan ROBINSON, Defendant-Appellant.
No. 6129.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
*443 Privat & Regan by Thomas K. Regan, Crowley, for defendant-appellant.
*444 Andrew J. Vidrine, Church Point, Phillip J. Chappuis, II, Crowley, for plaintiff-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
Two petitions were filed in the Crowley City Court, sitting as a juvenile court, seeking to have Bryan Robinson, a juvenile, decreed to be a neglected or delinquent child, or a child in need of supervision. In each petition it is alleged as a basis for the relief sought that the child committed a crime. Later, both petitions were amended to allege that he committed the crime of criminal mischief, a less serious offense, in each instance. At a hearing held on those petitions, Bryan pleaded guilty to the amended or reduced charges of criminal mischief.
The trial judge then rendered judgment decreeing: (1) That the custody of Bryan be removed from the mother and given to the Division of Youth Services to be placed in a proper institution; (2) that the child remain under the supervision of the Division of Youth Services until further orders of the court; (3) that the Division of Youth Services shall render written periodic reports on the progress of the juvenile; and (4) that Bryan remain in the custody of his mother until the Division of Youth Services has obtained placement for him in a proper institution or boys' home.
The juvenile, through his court-appointed counsel, appealed from that judgment.
Several issues are presented. One of them is whether the juvenile court had jurisdiction over Bryan in the case, or had authority to render the judgment appealed from, since it did not specifically find that the juvenile was a neglected child, or a delinquent child, or a child in need of supervision, as provided in LSA-R.S. 13:1580.
The pertinent parts of LSA-R.S. 13:1580 provide:
"If the court shall find that a child is within the purview of R.S. 13:1561 through 13:1592, it may adjudge the child to be a neglected child or delinquent child as defined in La.R.S. 13:1569 or a child in need of supervision. The court in its judgment may proceed as follows:
"(1) Place the child on probation or under supervision in his own home or in the care or custody of a suitable person elsewhere, upon such conditions as the court shall determine.
"(2) Assign the custody of the child to a public or private institution or agency authorized to care for children or to place them in family homes, provided that only those juveniles adjudicated delinquents may be committed to the Louisiana Department of Corrections unless the reason for the adjudication of delinquency was the commission of a delinquent act which would have been a felony if committed by an adult, in which case a child under the age of thirteen may be committed to the Louisiana Department of Corrections. In committing a child to a private institution or agency, the court shall select one that is approved by the division of family services. Where no institution, social agency or association approved by the state department of public welfare for the care or placement of children is available to the court, the court may commit the child to some other institution, social agency or association, which, in the judgment of the court, is suitable for the care of such child." (Emphasis added).
A "delinquent child" is defined in LSA-R.S. 13:1569 as "a child who has committed a delinquent act and is in need of rehabilitation." A "delinquent act" is defined in the same section of the Revised Statutes as "an act designated as a crime under the statutes or ordinances of this state."
When delinquency is alleged, the petition must set forth the facts constituting the delinquent act or acts, and if a violation of law is the basis for filing the petition, the petition must cite the statute or municipal ordinance which the child is alleged to have violated. LSA-R.S. 13:1574; Interest of Garcia, 325 So.2d 364 (La.App. 4 Cir. 1976).
*445 Originally, in one of the above petitions the petitioner alleged that Bryan was an accessory after the fact to a burglary, in violation of LSA-R.S. 14:25, and he sought to have him decreed to be "neglected" and "a child in need of supervision." In the other petition he alleged that the juvenile attempted to commit simple burglary, in violation of LSA-R.S. 14:27, and he sought to have him adjudged to be a "delinquent" child.
At a hearing held on December 29, 1976, the allegations of both petitions were amended to charge that in each instance Bryan committed criminal mischief, in violation of LSA-R.S. 14:59, instead of the offenses originally alleged. The offense known as "criminal mischief" is designated as a crime under the statutes of this state, although the maximum punishment authorized for committing that offense is substantially less severe than that authorized for committing either of the crimes with which Bryan was originally charged. The commission of the crime of criminal mischief nevertheless constitutes a "delinquent act" under LSA-R.S. 13:1569.
Bryan's mother consented to the amendment of the original pleadings which reduced the charges against him. The boy thereupon, with the consent of his mother, pleaded guilty to the two charges of criminal mischief.
The trial judge then ordered that a pre-sentence investigation be made by the Division of Youth Services. After receiving a report of that investigation, another hearing was held on February 24, 1977, and at that time the judge rendered the judgment which is before us for review on this appeal.
The juvenile involved here, Bryan, was 12 years of age when the above offenses were committed and when the judgment appealed from was rendered. His mother and his court-appointed attorney were present with him at every hearing held in this matter.
The judgment appealed from does not specifically adjudge Bryan to be a neglected child, or a delinquent child, or a child in need of supervision. The preamble of the judgment, however, reads as follows:
"A juvenile hearing was held on February 24th, 1977. The purpose of said hearing was to sentence the juvenile, BRYAN ROBINSON, on two charges of criminal mischief, to which the juvenile plead guilty on December 29th, 1976."
Counsel for Bryan contends that the trial court was "powerless to act to deprive this mother of custody of him and . . . to place him in the custody of another institution or agency," since the judgment rendered by the court "makes no specific finding as to the delinquency and neglect or the need for the supervision of the child." The appellant's argument, as we understand it, is that the words "neglected" or "delinquent" or "in need of supervision" are sacramental, and that the juvenile court is without jurisdiction in a case of this kind unless the court specifically decrees in the judgment rendered by it that the juvenile is a neglected child, or a delinquent child, or a child in need of supervision.
We do not agree with that argument. Our ultimate conclusion is that the juvenile court did, and does, have jurisdiction over the juvenile in this case, and that it thus had authority to render the judgment which is now before us on appeal.
The law grants to juvenile courts exclusive original jurisdiction in proceedings concerning any child, domiciled in or found within the parish, who is determined to be neglected or delinquent or in need of supervision. If the evidence does not establish that the child is neglected, delinquent or in need of supervision, the juvenile court had no jurisdiction or authority to determine the custody of the child or to render any other judgment relating to custody. LSA-R.S. 13:1570 and 1580; In Re Cruse, 203 So.2d 893 (La.App. 4 Cir. 1967); State in Interest of Purcell, 337 So.2d 637 (La. App. 3 Cir. 1976).
In State in Interest of Purcell, supra, a petition was filed in the juvenile court seeking to have four children (three boys and a girl) adjudged to be neglected. The trial judge found that the three boys were not neglected, and it "remanded" the custody of *446 those three children to the mother. As to the fourth child, the girl, the court did not specifically find or adjudge that child to be neglected, but it decreed that she should remain in the custody of her father until further orders of the court. On appeal, we held that the juvenile court was without jurisdiction or authority to render a judgment relating to the custody of the three boys, "since the evidence in the proceeding now before us does not show abuse or neglect" of any of those three children, and we thus dismissed the proceedings in the juvenile court as to the boys. With reference to the fourth child, the girl, however, we held that the evidence was sufficient to support a finding that she was abused or neglected, that the record as a whole made it apparent that the trial judge found her to be neglected, and that the juvenile court thus had jurisdiction and authority to determine the custody of that child, even though the court did not specifically decree in its judgment that she was a neglected child. In so holding we said:
"The trial judge did not state specifically in his reasons for judgment that he found Monica Lynn to have been abused or neglected. Considering the reasons for judgment as a whole and the decree which was signed in this case, however, it is apparent that the juvenile judge found that Monica Lynn had been abused or neglected, and on the basis of that finding he decreed that she should remain in the custody of her father."
* * * * * *
"Our review of the record convinces us that there is sufficient evidence to support the judgment of the juvenile judge relating to that child."
In State v. Traylor, 216 La. 193, 43 So.2d 469 (1949), our Supreme Court affirmed the judgment of a juvenile court which awarded custody of a child to a relative, even though we gather from the opinion that the juvenile court did not specifically decree the child to be neglected. The appellants contended that the juvenile court was without jurisdiction or authority to determine the custody of the child, since the minor was not an abandoned or neglected child. The Supreme Court reviewed the evidence, and concluded that the child was neglected and that the juvenile court thus had jurisdiction to award custody.
We note that in State v. Brecheen, 256 So.2d 793 (La.App. 1 Cir. 1971), and in In re Cruse, supra, the reviewing courts used language which can be interpreted as holding that the juvenile court must formally adjudge the child to be neglected or delinquent before it can assume jurisdiction. Neither of those cases is relied on by appellant in the instant suit, but we feel that they nevertheless deserve some comment here. We distinguish both cases. In Brecheen, a review of the opinion indicates to us that the appeal was dismissed because there was no signed judgment of any kind in the record from which an appeal could be taken. In Cruse, all proceedings in the juvenile court were annulled because there were no allegations in any of the pleadings that the child came under the jurisdiction of the juvenile court, and no evidence to that effect was offered by anyone.
In the instant suit, the petitioner specifically alleged that Bryan is a delinquent child. He also alleged facts sufficient to support that assertion. The evidence establishes that Bryan committed two acts of criminal mischief, which are designated as crimes in the statutes of this state. He pleaded guilty to committing both such crimes, and his mother consented to those pleas. The trial judge accepted the pleas of guilty at the hearing held on December 29, 1976, after discussing the matter with the child's mother and his attorney. The law provides that the commission of a crime, including criminal mischief, is a delinquent act. The record contains transcripts of all three hearings which were held in this case.
Considering the record as a whole, and the statements contained in the judgment which eventually was rendered by the trial court, we believe that the trial judge found on December 29, 1976, that Bryan was a delinquent child. We think it was because of that finding that he ordered that the pre-sentence investigation be made.
*447 We agree with appellant that the juvenile court judge must conclude that a child is neglected or delinquent, or is in need of supervision, before he renders judgment relating to the custody of that child. We do not believe, however, that it is essential that he render a formal judgment, specifically decreeing that the juvenile falls into one of those three categories, before he can render a valid custody decree. It is sufficient to give the juvenile court jurisdiction, we think, if the evidence establishes that the child is a neglected child, or a delinquent child, or a child in need of supervision, as alleged, and the record justifies a holding that the trial judge concluded, or had sufficient grounds to conclude, that the child fell into one of those classifications.
In this case, we hold that the juvenile court had jurisdiction over the child involved here, and that it had authority to render the judgment appealed from relating to the custody of that child.
Another issue presented is whether the trial court erred in placing the child in the custody of the Division of Youth Services instead of in some other type of institution or agency.
LSA-R.S. 13:1580 authorizes the court to assign the custody of a child to "a public or private institution or agency authorized to care for children or to place them in family homes." Counsel for appellant contends that the Division of Youth Services is not authorized to care for children, and that it thus is not the type of institution or agency to which the custody of a child can be assigned.
LSA-R.S. 46:1906 provides that the Division of Youth Services shall "accept legal custody of all children placed in it by the court pursuant to the provisions of R.S. 13:1561 through R.S. 13:1699, both inclusive."
In view of the provisions of the above statute, we conclude that the Division of Youth Services is a proper institution or agency to which the custody of a child may be assigned under LSA-R.S. 13:1580. We find no error in the judgment of the trial court, therefore, which places the custody of Bryan in that division.
Appellant contends, finally, that the judgment of the trial court was based on the hearsay report and testimony of an officer of the Division of Youth Services, and that for that reason the judgment should be reversed.
We have determined that the trial judge ordered that a pre-sentence investigation be made after he had concluded that Bryan had committed two acts of criminal mischief, and that he was a delinquent child. A report of that investigation was submitted by Edward V. Pavy, a Juvenile and Probation Officer, and that report is in the record. The trial judge considered that report at the hearing held on February 24, 1977, at which time he informed Bryan, and his mother and his counsel, of the substance of the report and the recommendation of the investigating officer. He also informed them of the name of the officer who submitted the report. The court then rendered the judgment which is now before us on appeal.
In the case of In Re Caronna, 197 La. 494, 2 So.2d 1 (1941), the Louisiana Supreme Court held that in determining who should have custody of a neglected child, the juvenile court judge may:
". . . take judicial cognizance of any records that may be in his court touching on the matter. If he thinks the case requires such action, he may even go as far as to institute an independent investigation of his own into the habits and character, as well as the circumstances surrounding the lives of the parents to whom he is asked to restore a neglected child, in an effort to determine whether or not such restoration is to the child's best interest."
Since the statements contained in the pre-sentence report were read and considered by the trial judge after Bryan had plead guilty, and after a determination had been made that he was a delinquent child, the use of those statements did not violate any of the appellant's rights. We conclude that the trial judge did not err in considering *448 those statements under the circumstances presented here.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.