HOOD, Judge.
This is a companion to the case of State of Louisiana v. Robinson, 353 So.2d 442 (No. 6129 on our docket).
Two petitions were filed in the Crowley City Court seeking to have Johnny Robinson, a brother of Bryan Robinson, decreed to be a delinquent child. In each petition it is alleged that the child committed acts which are designated as crimes under statutes of this state or ordinances of the City of Crowley. Johnny was 13 years of age when those acts allegedly were committed.
After trial of the cases before the above city court, sitting as a juvenile court, the child was found guilty of committing aggravated battery as alleged in one petition. At the conclusion of that trial, Johnny pleaded guilty to charges of criminal mischief, in violation of a state statute, and of discharging an air rifle in the City of Crowley, in violation of an ordinance of that city, all as alleged in the other petition.
The trial judge thereupon rendered judgment decreeing: (1) That the custody of Johnny be taken away from his mother and given to the Division of Youth Services, to be placed in a proper institution until further orders of the court; (2) that the child remain in the custody of his mother until the Division of Youth Services is able to place him in a proper institution; and (3) that written periodic reports be rendered to the court by the Division of Youth Services. The juvenile, through his court-appointed counsel, appealed from that judgment.
*449 No briefs have been filed in this court relating to the instant case, either in behalf of the State or in behalf of the juvenile. This case was consolidated for argument with the companion suit pending against Bryan Robinson, a brother of the juvenile involved here, however, and briefs were filed in that companion suit. We assume that the arguments made in that suit are intended to be made in the instant case.
The judgment rendered by the trial court in this case did not specifically adjudge Johnny to be a delinquent , child. We have considered the question (raised in the companion case) of whether the juvenile court did or did not have jurisdiction to assign custody of the child, since the judgment makes no specific finding that Johnny falls into one of the three classifications which are set out in LSA-R.S. 13:1580.
The preamble of the judgment rendered by the trial court recites that a juvenile court hearing was held on March 15, 1977, for the purpose of sentencing Johnny on the charges to which he had pleaded guilty on December 29, 1976, and on the charge of which he was found guilty on the same date.
Considering the record as a whole, and the statements contained in the above judgment, we conclude that the trial judge found on December 29, 1976, that Johnny was a delinquent child. The evidence clearly supports that finding.
Under those circumstances, and for the reasons assigned in the companion suit, State of Louisiana v. Bryan Robinson, supra, we hold that the Crowley City Court, sitting as a juvenile court, was vested with jurisdiction and had authority to render the judgment appealed from in the instant case.
We also have considered the questions of (1) whether the trial court erred in placing the child in the custody of the Division of Youth Services, and (2) whether it erred in considering the pre-sentence report made by a Juvenile and Probation Officer on January 17, 1977, which was after the trial court determined that Johnny was delinquent but before the judgment appealed from was rendered. For the reasons assigned in the Bryan Robinson case, supra, we find that no error was committed by the trial court in either of those instances.
Our conclusion is that the trial court, sitting as a juvenile court, had jurisdiction to render the judgment which is before us on this appeal, and that there is no error in that judgment.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.